Steve Michael COX, Plaintiff—Appellant,

v.

Robert BAYER; et al., Defendants—Appellees.

No. 02–16603.

D.C. No. 99–00380.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Cox's request for oral argument.

MEMORANDUM **

Steve Michael Cox, a Nevada state prisoner, appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and his serious medical needs in violation of the Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment on Cox's claim that various defendants were deliberately indifferent to his safety by adopting a "loose knife policy" in the prison kitchen, because he failed to raise a genuine issue of material fact as to whether any prison official knew of and disregarded an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly granted summary judgment on Cox's claims against the medical defendants because he failed to raise a genuine issue of material fact as to whether the course of treatment the prison doctors chose was medically unacceptable under the circumstances. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). The record shows at most a difference of opinion about the proper course of medical treatment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Cox's remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.